UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-12324 |
| | ) | |
| DEBRA A. McLOYD, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| _____ | ) | |
| | ) | |
| DEBRA A. McLOYD, | ) | Adversary Proceeding No. 11-1125 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER CONCLUDING SHOW CAUSE** |
| BANK OF AMERICA, N.A., *et al.*, | ) | **AS TO ATTORNEY JANSING, ONLY** |
| | ) | |
| Defendants. | ) | |

Chapter 13 debtor Debra McLoyd filed a second amended complaint in this adversary proceeding in which, among other things, she challenges any interest claimed by Bank of America, N.A. in her residence. The plaintiff propounded discovery to Bank of America, N.A., including a request to produce the original note under which Bank of America, N.A. claims an interest, as well as interrogatories, requests to produce other documents, and requests for admissions.[1] Bank of America, N.A. did not timely respond and the parties requested a telephone conference to address these issues.

The court held that conference on March 16, 2012. At the close, the court issued an order directing Bank of America, N.A. to respond to the discovery by March 23, 2012 and giving

---

[1] Bank of America, N.A. is the servicer for the note at issue. *See* docket 85. Based on Bank of America, N.A.'s participation to date, it appears to be responding to this lawsuit as the authorized agent for the entity entitled to enforce the note.

notice that if it failed to respond to any request, the court would hold a hearing on April 4, 2012 and require an officer with corporate responsibilities to appear and show cause why it had failed to reply. This order arises out of that hearing.

### Applicable Law

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26 (b)(1) (made applicable by FED. R. BANKR. P. 7026). The Supreme Court has noted the "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 540 n. 25 (1987), quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (alteration in original). "To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." *Hickman,* 329 U.S. at 507. The plaintiff in this proceeding used several of the permitted methods of discovery. *See* FED. R. CIV. P. 33 (made applicable by FED. R. BANKR. P. 7033) (interrogatories to parties); FED. R. CIV. P. 7034 (made applicable by FED. R. BANKR. P. 7034) (requests for production); and FED. R. CIV. P. 36 (made applicable by FED. R. BANKR. P. 7036) (requests for admission).

Rule 37 deals with failures to disclose or to cooperate in discovery, and authorizes the court to compel discovery and to impose sanctions against a party, or the advising attorney, in appropriate circumstances. FED. R. CIV. P. 37 (made applicable by FED. R. BANKR. P. 7037). The purpose of Rule 37 "is not only to punish discovery abusers, but also to protect litigants who legitimately seek information to prepare for trial." *SPX Corp. v. Bartec USA*, LLC, 574 F. Supp.

2d 748, 756 (E.D. Mich. 2008). This court exercises its discretion in imposing discovery sanctions. *Fencorp. Co. v. Ohio Kentucky Oil Corp.*, – F.3d – , 2012 WL 1109648 at *6 (6th Cir. April 4, 2012).

## The Court's Show Cause Order[2]

Counsel for the plaintiff filed a statement that Bank of America, N.A. failed to answer one of the interrogatories, failed to answer request for admission no. 2, listed objections that are not supported by the law, and failed to produce any documents, including the original note. The court then entered a show cause order confirming that the April 4, 2012 hearing would go forward and giving (1) notice to Bank of America, N.A. that it should be prepared to show cause why it should not be held in civil contempt for violating the court's order and also why it should not be sanctioned under Federal Civil Rule 37(b), (c), and (d); and (2) notice to Debra Jansing, as the attorney advising the defendant in this matter, why she should not be sanctioned under Federal Civil Rule 37(b) and (d) and held responsible for paying the plaintiff's reasonable expenses, including attorney fees, caused by Bank of America, N.A.'s failure to comply with the court order and other failures to act.

## The April 4, 2012 Hearing

### A. The Failure to Timely Produce the Original Note

Attorney Jansing appeared at the hearing with Neil Patak, a Bank of America, N.A. Assistant Vice President and Unit Manager. At the hearing, the court asked Attorney Jansing to explain why the original note had not been produced until the day before the hearing. Based on that information, the court will issue a separate show cause order directing Ann Thorn, Senior

---

[2] Docket 130.

Servicing Executive over Bankruptcy and Foreclosure to appear. Mr. Patak is excused from attending future hearings, unless otherwise directed by the court.

### B. The Written Answers to the Discovery Requests

The interrogatories were answered and verified by Katherine Cacho, Bank of America, N.A. Assistant Vice President, and the objections were signed by Attorney Jansing. This is a sample of the interrogatories, and the answers and objections:

> **Question No. 3**: Identify Mary Ann Heirman (Ms. Heirman's name is on the assignment).
>
> ANSWER: Objection. This request is vague, ambiguous, and overly broad and burdensome; requests irrelevant, immaterial or inadmissible information or information protected by privilege and/or contains questions in violation of law, rule or regulation.
> /s/Debra Jansing . . .
>
> Without waiving said objection and answering in part, Mary Ann Hierman is an Assistant Secretary for MERS with authority to execute an Assignment of Mortgage.
>
> **Question No. 4**: Identify Teresa D. Williams. (Ms. Williams's name is on the assignment).
>
> ANSWER: Objection. This request is vague, ambiguous, and overly broad and burdensome; requests irrelevant, immaterial or inadmissible information or information protected by privilege and/or contains questions in violation of law, rule or regulation.
> /s/Debra Jansing . . .
>
> Without waiving said objection and answering in part, Teresa D. Williams is a Notary Public for the State of California.
>
> **Question No. 5**: State the chain of title from originator to current purported holder of the <u>mortgage</u>, including dates. Do not refer to documents, but just state your answer.

4

> ANSWER: Objection. This request is vague, ambiguous, and overly broad and burdensome; requests irrelevant, immaterial or inadmissible information or information protected by privilege and/or contains questions in violation of law, rule or regulation.
> /s/Debra Jansing . . .
>
> Without waiving said objection and answering in part, copies of the requested documents are part of the court record and are either available to Debtor or in the Debtor's possession.

The court asked Ms. Jansing to explain, with respect to each of these objections, how the request was vague, ambiguous, and overly broad and burdensome; and how it requests irrelevant, immaterial or inadmissible information or information protected by privilege and/or contains questions in violation of law, rule or regulation. Ms. Jansing acknowledged that she used boilerplate language in all of these objections, which language did not, in fact, apply to this case. By way of explanation, she stated that she had submitted the interrogatories to Bank of America, N.A., but not gotten a substantive answer. As a result, she inserted the admittedly inapplicable boilerplate and intended to supplement the answers when she got more information. She also promised that she would not, in the future, use this approach.

The answer to question 5 concerning the chain of title for the mortgage at issue warrants an additional comment. Ms. Jansing stated that opposing counsel already had all of the information that she needed and that the chain of title was as Bank of America, N.A. had stated it previously; therefore, Ms. Jansing felt that the plaintiff posed this question to harass Bank of America, N.A. This is not a reason to refuse to answer this interrogatory. Counsel is permitted–and in fact encouraged–to use interrogatories to narrow the issues and to simplify the presentation of evidence at trial. The answer to this interrogatory will do so.

### Request to Produce Documents

In response to the plaintiff's request to produce documents, Bank of America, N.A. responded that "Copies of the requested documents are part of the court record and are either available to Debtor or in Debtor's possession." This is not a permitted response. The documents are to be produced or, alternatively, Bank of America, N.A. can identify each document previously produced that complies with the request. As stated above, the objections that begin with "This request is vague, ambiguous, and overly broad and burdensome. . ." are not acceptable in this context, either.

### Request for Admissions

The plaintiff posed three requests for admissions. Bank of America, N.A. did not cleanly respond to any one of them using the alternatives permitted by Federal Civil Rule 36, which states that a party must either admit the request or specifically deny it or state in detail why the answering party cannot truthfully admit or deny. For example, Admission No. 1 states:

> The PSA (exhibit 4.1 to Form 8-K and filed in SEC file number), found at http://www.secinfo.com/dsvr4.v4Yu.d.htm#1stPage is a true and accurate copy of the PSA for the trust.

Bank of America, N.A. answered and raised the same boilerplate objection, supplemented by this statement: "Without waiving said objection and answering in part, PSA was filed with the court and is part of the record." Ms. Jansing stated at the hearing that she felt that opposing counsel could check on the internet to see if this address works and she did not feel that she should be expected to do opposing counsel's work. That is not, however, the point. A party is permitted and–again, encouraged–to use requests for admissions to turn theory into evidence, including to help establish an evidentiary foundation for a document. This request does exactly that.

6

**Bank of America, N.A.'s Amended Response to Plaintiff's Interrogatories**

To Ms. Jansing's credit, she did file an amended response to the debtor's discovery requests, although it is not verified by Bank of America, N.A. and suffers from some of the same deficiencies.

**Conclusion**

The court accepts Ms. Jansing's statement that she had a fundamental misunderstanding about how to handle these discovery requests and that she will, in the future, handle all such requests in a different manner. The court also notes that Ms. Jansing has appeared before it on other occasions, competently representing her clients and behaving with the requisite professionalism. As a result, the court will conclude the show cause against Ms. Jansing without further consequence. Bank of America, N.A. will be directed to file a Second Amended Response through a separate order.

IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge